UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANNY BOYER, | ) | CASE NO. 4:15-cv-1455 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| RALPH HANSON, WARDEN, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated in the Elkton Federal Correctional Facility. He filed this petition to contest the finding of the disciplinary hearing officer ("DHO") that he was guilty of possessing stolen property. Although petitioner admits he was in possession of the property, he claims the property was not stolen. He seeks reversal of the DHO's finding, and restoration of the twenty-seven days of good time credit taken from him as a sanction for the offense.

## I.  Background

During a search of petitioner's cell on April 21, 2014, officers discovered a cereal bag in his locker filled with approximately twenty-five orange halves. The officers noted that the commissary does not sell fruit, and the fruit issued by food services must be consumed in the dining hall. Petitioner was charged with possession of stolen property. At the disciplinary

hearing, petitioner admitted that the oranges were in his possession; however, he claims they were not stolen because they were freely handed out in the dining hall and given to him by other inmates. He was nevertheless found guilty of the offense and sanctioned to 180 days in segregation (which was suspended for a period of 180 days clear conduct), 180 days loss of commissary, and loss of twenty-seven days of good time credits. Petitioner contends he should have been convicted of possession of contraband, which carried a much lighter penalty. He asks this Court to review the charges against him, reduce them, and restore all of his good time credits.

## II.  Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. <u>Analysis</u>

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Mass. Corr. Inst. at Wolpole v. Hill*, 472 U.S. 445, 455, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the due process clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id*. at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Hill*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, petitioner attacks the result of the disciplinary hearing. He does not complain about the hearing process, nor does he suggest he did not have sufficient notice of the charges. He contends he should have been charged with a lesser offense and received a lighter sanction. Nevertheless, there is "some evidence" to support the finding of guilt on the theft charges. Petitioner admitted he was in possession of a large number of orange halves which are not permitted to be taken out of the dining hall. While petitioner contends they were all freely given to him, the evidence also supports the finding that they were stolen. Petitioner has not alleged facts to suggest he was denied due process.

## IV.  Conclusion

For all the foregoing reasons, the petition is denied and this action is dismissed. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 24, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**